UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frank Conroy,                                          Civil No. 06-4612 (JRT/FLN)

       Petitioner,

      v.                                                        **REPORT AND**
                                         **RECOMMENDATION**

Inter Faculty Organization,

       Respondent.

_____

Marshall H. Tanick and Teresa J. Ayling for Petitioner.
Richard L. Kaspari for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 12, 2007, on Petitioner's Motion to Vacate the Arbitration Award of August 21, 2006 [#7].  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  Petitioner argues that the Arbitration Award ("Award") should be vacated because the Arbitrator exceeded his authority by ruling on issues not raised in the grievance and by relying on evidence not previously disclosed.  The Petitioner also claims that the Arbitration Award should be reversed because it is contrary to public policy.  For the reasons which follow, this Court recommends Petitioner's Motion be denied and the Arbitrator's decision be confirmed.

I.      **FINDINGS OF FACT**

Petitioner was the Labor Relations Director for Respondent.  (Arbitration Opinion and Award, Tanick Aff., Ex. A (hereinafter "Award") 4.)  Respondent is a labor union that represents the teachers for the Minnesota State Colleges and Universities ("MnSCU") system.  (Award 4.)  Petitioner is represented by the Inter Faculty Organization Staff Association ("IFOSA").  (Award 4.)  Respondent and the IFOSA entered into a collective bargaining agreement that governed

Petitioner's employment with Respondent.  (Award 4.)

On October 28, 2005, after 25 years of employment, Petitioner was terminated by Respondent.  (Award 4.)  The letter of termination stated, in pertinent part: "Please be advised that your employment with the Inter Faculty Organization ("IFO") is hereby terminated, effective immediately, for dishonesty."  (Tanick Aff. Ex. C, Joint Ex. 4 (hereinafter "Termination Letter".)  Petitioner filed a grievance on November 22, 2005, alleging that "[he] was discharged from his job without just cause."  (Tanick Aff. Ex. C, Joint Ex. 4 (hereinafter "Grievance Form").)  Petitioner alleged violations of Article VIII, Sec. 8.03 and Article IX of the Contract between Respondent and IFOSA ("CBA").  (Grievance Form.)  These sections of the CBA read:

> ARTICLE VII - EMPLOYMENT PRACTICES
> . . .
> Sec. 8.03 Termination
> After the probationary period, employment shall be terminated only . . .
> (2) for just cause according to the procedures in Article IX of this contract . . .
>
> ARTICLE IX - EMPLOYEE DISCIPLINE
> Disciplinary action may be imposed upon a staff member for just cause though progressive discipline, including informal discussion, formal conference with written record, written reprimand, suspension and termination.  In cases of serious misconduct, progressive discipline need not be followed.

(Tanick Aff. Ex. C, Joint Ex. 1a (hereinafter "CBA") 4-5.) Petitioner's grievance proceeded through the grievance process and an arbitration hearing was held on May 17, 18, and 19, June 9, and July 14, 2006, before Richard A. Beens.  (See Award.)

The arbitration hearing was held pursuant to Article X, Sec. 10.04, which states:

> Sec. 10.04 Arbitration
>
> . . .
>
> (3)     Neither the IFO nor the IFOSA shall be permitted to present evidence to the arbitrator which was not previously disclosed to the other party.

2

    (4)      The arbitrator shall have the authority to decide on the issues raised in the written grievance.  The arbitrator shall not have the authority to render any award which has the effect of altering the terms of this contract.  However, the arbitrator shall be empowered to include in any ward such financial reimbursement as he/she judges to be proper for violations of this contract.

. . .

(CBA 6.)

During the arbitration hearing, evidence was presented relating to the alleged dishonesty of the Petitioner.  Petitioner's job duties for Respondent included sending grievance paperwork to MnSCU.  The Arbitrator found that Petitioner was responsible for making a "Step IV arbitration request" to MnSCU by September 9, 2004.  (Award 10.)  Petitioner did not send such a request until September 13, 2004, but the request was dated September 8, 2004.  (Award 11.)  Petitioner's counterpart at MnSCU immediately raised the issue of timeliness and Petitioner asked for some lenience on the issue of timeliness of the demand.  (Award 21-22.)  The Arbitrator found that missing the deadline was not intentional and a product of inadvertence or negligence.  (Award 20.)  The Arbitrator went on to find "no evidence that back dating the demand letter was intended to deceive MnSCU . . .."  (Award 21.)

The Arbitrator did find that Petitioner attempted to deceive Respondent by concealing the fact that the request was not made in time.  (Award 22.)  The Arbitrator supported his finding that Petitioner attempted to deceive Respondent with evidence that Petitioner recorded the request,  in an internal log,  as being made on September 8, 2004, advocated for withdrawing the grievance by misrepresenting MnSCU's position, actually withdrew the grievance in defiance of an explicit decision not to withdraw the grievance, and removed documents from the grievance file.  (Award 22-24.)  The Arbitrator found that "[t]he intentional deception of his own employer forms the ultimate 'just cause' for disciplining Conroy."  (Award 22.)

The Arbitrator also accepted evidence acquired after Petitioner's termination.  (Award 24.) The Arbitrator admitted the after-acquired evidence because it was additional evidence of predisciplinary misconduct that would have been discovered if the employer conducted a full investigation prior to discharging the employee.  (Award 25.)  The after-acquired evidence supported two propositions; that Petitioner falsified sick leave records and that Petitioner claimed fraudulent academic credentials.  (Award 24-25.)  Respondent provided Petitioner with this evidence prior to the arbitration hearing and Petitioner was allowed an opportunity to respond.  (Award 25, n. 47.) The Arbitrator did not find the evidence sufficient to support a finding that Petitioner falsified sick leave records.  (Award 25.)  The Arbitrator did find that the Petitioner claimed fraudulent academic credentials and that this conduct constituted dishonesty.  (Award 26-27.)

In determining whether Petitioner's conduct warranted discharge, the Arbitrator considered Petitioner's deception in trying to conceal the untimely arbitration request from Respondent. (Award 28-29.)  The Arbitrator noted the importance of a grievance process to employees and that Petitioner's conduct jeopardized the employee's rights to a grievance process.  (Award 28-29.)  In upholding discharge as the appropriate punishment, the Arbitrator wrote: "Short of actual criminal conduct, it is difficult to imagine a more serious offense for a Labor Relations Director."  (Award 29.)

The Arbitrator ended his discussion of the appropriateness of the punishment by noting factors that he was aware of as he made his decision to uphold the termination.  (Award 29.)  The Arbitrator noted the strong evidence that Petitioner had rendered exemplary service in his job. (Award 29-30.)   The Arbitrator also noted the evidence that Petitioner's performance was deteriorating and that his relationship with management had begun to decay.  (Award 30.)

4

## II.     STANDARD OF REVIEW

Petitioner initially brought this action under the Minnesota Uniform Arbitration Act, Minn. Stat. § 572.19, in state court.  Respondent removed the action to federal court under the Federal Arbitration Act, 9 U.S.C. §1, *et seq*.  Both acts have very similar standards and allow an award to be vacated when an arbitrator exceeds his or her authority.  9 U.S.C. §10(a)(4); Minn. Stat. §572.19, Subd. 1(3).  Respondent argues that both the Minnesota Uniform Arbitration Act and the Federal Arbitration Act are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and replaced by the federal common law developed under Section 301.  Additionally, Respondent argues Petitioner does not have standing under Section 301 to challenge this action.  The Court will assume, without deciding, that the federal and state arbitration acts are not preempted and the Petitioner has standing to move to vacate the award.

Arbitration awards are to be given great deference.  Stark v. Sandberg, Phoenix & Von Gontard, P.C., 381 F.3d 793, 798 (8th Cir. 2004).  "An award must be confirmed even if a court is convinced the arbitrator committed a serious error, so 'long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'"  Id. (citing Bureau of Engraving, Inc. v. Graphic Communications Int'l Union, Local 1B, 284 F.3d 821, 824 (8th Cir. 2002) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)).

However, this deference does not relegate the Court to merely the role of a "rubber stamp." Stark, 381 F.3d at 799.  The Court may vacate an award that "'fails to draw its essence from the agreement' or . . . 'manifests disregard for the law where the arbitrators clearly identified the applicable, governing law and the proceeded to ignore it.'"  Id. (quoting Hoffman v. Cargill, Inc., 236 F.3d 458, 461 (8th Cir. 2001)).

### III.    LEGAL ANALYSIS

### A.    The Arbitrator Did Not Improperly Allow and Consider Evidence Not Previously Raised.

Petitioner argues that the Arbitrator exceeded his authority by considering evidence not previously raised in violation of Section 10.04(3) of the Contract, which reads "[n]either the Respondent or IFOSA shall be permitted to present evidence to the arbitrator which was not previously disclosed to the other party." CBA 6. The Petitioner reads this provision to require the arbitrator only to accept and consider evidence presented to the Petitioner at the time of his discharge. Petitioner argues that evidence related to the cover-up of the untimely grievance, falsified academic credentials, deteriorating work performance, and strained relationship between Petitioner and management violated this provision of the CBA because they were not disclosed to Petitioner at his time of discharge.

Respondent argues that Section 10.04(3) is merely a discovery provision that prevents one side from springing evidence on the other at the arbitration hearing. It is clear from the Award that the Arbitrator also read the provision to be nothing more than a discovery provision. In discussing his decision to consider after-acquired evidence, the Arbitrator notes that Petitioner was presented with the after-acquired evidence prior to the arbitration and was afforded an opportunity to respond. (Award 25, n. 47.)

The Arbitrator was acting within the scope of his authority in reading the provision to do nothing more than regulate discovery. The Arbitrator's reading of this provision draws its essence from the CBA and does not show a manifest disregard for the law. Although it is not relevant to the Court's analysis, the Arbitrator reached the same conclusion that this Court reaches in reading that provision.

6

**B.      The Arbitrator Did Not Exceed His Authority by Ruling on Issues Not Before Him.**

The CBA clearly states that the Arbitrator has "the authority to decide only the issues raised in the written grievance." (CBA 6.)  The Petitioner argues the only issue before the Arbitrator was dishonesty regarding the September 13th fax.  However, the written grievance only raised the issue of whether "[Petitioner] was discharged from his job without just cause." (Grievance Form.)  The termination letter states that Petitioner was discharged for "dishonesty." (Termination Letter.)  The parties agreed that the issue for the Arbitrator to resolve is: "Was [Petitioner] disciplined for just cause; and, if so, what shall be the appropriate remedy?" (Award 3.)  Contrary to Petitioner's assertions, the proper issue before the Arbitrator was whether Petitioner's dishonesty constituted just cause for his termination.

The Arbitrator confined his determination of just cause for termination to issues involving the dishonesty of Petitioner.  The Arbitrator made his determination of whether just cause existed based upon the backdating of the untimely demand for Arbitration, the cover-up related to the untimely demand, and fraudulent academic credentials;[1] all of these issues relate to the dishonesty of the Petitioner.  The Arbitrator did not exceed the scope of his authority conferred in the CBA.

The Arbitrator only relied on issues relating to dishonesty in finding just cause and upholding the discharge.  The Arbitrator's consideration of issues not directly related to dishonesty, such as Petitioner's deteriorating work performance and strained relationship with management were only considered as mitigating factors and were not relied upon in his ultimate determinations of just cause and appropriateness of termination.  It should be noted that the Petitioner presented mitigating

---

[1]Consideration of the after-acquired evidence was justified by the Arbitrator's determination that such evidence would have become apparent if the Respondent conducted a full investigation of Petitioner's dishonesty prior to termination.

evidence of his own, unrelated to the issue of dishonesty, such as laudatory letters from his colleagues.

**C.      The Award Does Not Violate Public Policy.**

Petitioner argues that the Award should be vacated because it violates public policy.  In its memorandum and during oral arguments on this matter, the Petitioner has failed to show what public policy has been violated.  The public policy that Petitioner points to is that it is harmful to terminate employment when Petitioner was a long time employee held in high esteem by his peers, the Arbitrator made erroneous factual determinations, the Arbitrator relied on old evidence, and the Arbitrator erroneously interpreted provisions of the CBA.  Petitioner's concerns are not matters of public policy.  Since Petitioner has failed to identify a public policy, much less show how the Award violated the public policy, the Arbitrator's award should not be vacated on public policy grounds.

**IV.      RECOMMENDATION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion to Vacate the Arbitration Award of August 21, 2006 [#7] be **DENIED**.


DATED: June 4, 2007                                s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 21, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.