UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FRANK CONROY, | Civil No. 06-4612 (JRT/FLN) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION DENYING MOTION TO VACATE ARBITRATION AWARD** |
| v. | |
| INTER FACULTY ORGANIZATION, | |
| Defendant. | |

Marshall H. Tanick and Teresa J. Ayling, **MANSFIELD, TANICK & COHEN, P.A.**, 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402, for plaintiff.

Richard L. Kaspari and Connie L. Howard, **METCALF, KASPARI, HOWARD, ENGDAHL, & LAZARUS, P.A.**, 1660 South Highway 100, Suite 333, Minneapolis, MN 55416-1531, for defendant.

Plaintiff Frank Conroy brought this motion to vacate an arbitration award finding that defendant Inter Faculty Organization ("IFO") had just cause to terminate him for dishonesty. In a Report and Recommendation dated June 4, 2007, United States Magistrate Judge Franklin L. Noel recommended that the Court deny plaintiff's motion. Conroy timely objected to the Report and Recommendation, and this Court conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons stated below, the Court adopts the Report and Recommendation.

## BACKGROUND[1]

Plaintiff Frank Conroy was the Labor Relations Director for defendant IFO, a labor union that represents teachers in the Minnesota State Colleges and Universities ("MnSCU") system. Conroy's job duties included sending grievance paperwork to MnSCU. According to the IFO, Conroy was required to send a particular grievance request to MnSCU by September 9, 2004. Conroy faxed the request on September 13, 2004. The IFO determined that Conroy had backdated the request to September 8, 2004.

On October 28, 2005, after 25 years of employment, the IFO terminated Conroy for dishonesty. Conroy filed a grievance on November 22, 2005, alleging that he was discharged without just cause in violation of the Collective Bargaining Agreement ("CBA") that governed his employment with the IFO. Conroy was represented in the grievance proceedings by the Inter Faculty Organization Staff Association ("IFOSA").

An arbitration hearing was held in May and June 2006. The hearing procedure was governed in relevant part by Article X, Sec.10.04(3) of the CBA, which provides that "Neither the IFO nor the IFOSA shall be permitted to present evidence to the arbitrator which was not previously disclosed to the other party." (Tanick Aff. Ex. C at 6.) During the arbitration hearing, evidence was presented relating to Conroy's alleged dishonesty. The arbitrator determined that Conroy had attempted to deceive the IFO by backdating an arbitration request that was faxed to MnSCU, by misrepresenting MnSCU's position with respect to the grievance, by withdrawing the grievance in defiance of an explicit decision

---

[1] The parties do not dispute the relevant facts as set forth in the Report and Recommendation. The Court's summary of the relevant facts is derived from the Report and Recommendation.

not to withdraw the grievance, and by removing documents from the grievance file. The arbitrator found that Conroy's intentional deception of the IFO provided just cause for disciplinary action against Conroy.

The arbitrator also considered evidence acquired after Conroy's termination on grounds that it was additional evidence of pre-disciplinary misconduct that would have been discovered had the IFO conducted a full investigation prior to Conroy's discharge. The after-acquired evidence suggested that Conroy had falsified sick leave records and that he had claimed fraudulent academic credentials. The IFO provided Conroy with this evidence prior to the arbitration hearing and Conroy was allowed an opportunity to respond. Although the arbitrator found the evidence insufficient to support a finding that Conroy falsified sick leave records, he determined that Conroy had claimed fraudulent academic credentials and that this conduct constituted dishonesty. The arbitrator ultimately found that Conroy's deception had jeopardized employees' rights to the grievance process and warranted his discharge from the IFO.

Following this decision, Conroy filed a motion to vacate the arbitration award in state court under the Minnesota Uniform Arbitration Act and the Federal Arbitration Act. *See* Minn. Stat. § 572.19; 29 U.S.C. § 1. Conroy argued that the arbitrator exceeded his authority by relying on evidence that was not disclosed to Conroy at the time of his discharge. Conroy also argued that the arbitration award violated public policy. The IFO removed this action to federal court under § 301 of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185. The IFO argued that Conroy's claim under the state and federal arbitration acts was preempted by federal common law developed pursuant to

§ 301 and, alternatively, that the arbitrator did not exceed his authority in confirming the IFO's decision to discharge Conroy for dishonesty.

The Magistrate Judge recommended that this Court deny Conroy's motion to vacate the arbitration award. The Magistrate Judge assumed, without deciding, that § 301 of the LMRA did not preempt Conroy's arbitration claim, and then determined that the arbitrator did not exceed the scope of his authority by relying on after-acquired evidence in arriving at his decision. These objections followed.

## ANALYSIS

Courts accord significant deference to arbitration awards. *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004). Even if the Court is convinced that the arbitrator committed a serious error, an award must be confirmed "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). This deference is not a "grant of limitless power," however. *Stark*, 381 F.3d at 799. The Court may vacate awards that are completely irrational or that show a manifest disregard for the law. *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). An award is irrational if it fails to "draw its essence from the agreement" or if it "manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." *Id.* at 461-62.

Conroy first argues that the arbitrator improperly relied on after-acquired evidence in violation of the terms of the CBA.[2]  Under Section 10.04(3) of the CBA, "Neither the IFO nor the IFOSA shall be permitted to present evidence to the arbitrator which was not previously disclosed to the party."  (Tanick Aff. Ex. C at 6.)  Conroy argues that this language must be read to require the arbitrator to accept only that evidence that was presented at the time of Conroy's termination.  As such, the arbitrator's consideration of evidence related to Conroy's cover-up of the untimely grievance, his falsified credentials, and other evidence that was not disclosed to Conroy at the time of his discharge violates the terms of the CBA.

The Court finds that the arbitrator's interpretation of section 10.04(3) is not completely irrational or in manifest disregard of the law.  The arbitration award makes clear that the arbitrator interpreted section 10.04(3) as a rule of discovery, requiring disclosure of evidence to the opposing party prior to the arbitration hearing and providing for an opportunity to respond to such evidence.  Even if plaintiff's construction of the CBA were a plausible alternative to the arbitrator's interpretation, the arbitrator was acting within the scope of his authority by reading section 10.04(3) as setting forth a rule of discovery.  As such, the Court finds that the arbitrator did not exceed his authority in considering after-acquired evidence during the arbitration hearing.

---

[2] IFO responds, in part, that § 301 of the LMRA preempts Conroy's claim under the state and federal arbitration acts.  The Court notes that the IFO failed to submit objections to the Report and Recommendation on the issue of preemption.  Nonetheless, because the Court finds that the arbitrator did not exceed his authority in relying on after-acquired evidence, the Court need not determine whether Conroy's claim is preempted by the LMRA.

Conroy next contends that the arbitrator violated the CBA by ruling on issues that were not properly before him. Under section 10.04(4) of the CBA, "the arbitrator shall have the authority to decide only the issues raised in the written grievance." (Tanick Aff. Ex. C at 6.) According to Conroy, the only issue before the arbitrator was Conroy's alleged dishonesty with respect to the backdated fax to MnSCU. Thus, Conroy argues, the arbitrator exceeded his authority by considering additional evidence of dishonesty, including Conroy's cover up of the backdated fax and his fraudulent academic credentials. However, the written grievance specifically addressed whether Conroy "was discharged from his job without just cause." IGO's termination letter to Conroy stated that he was discharged for "dishonesty." (Tanick Aff. Ex. C4.) As such, the issue raised in the written grievance was whether Conroy's dishonesty constituted just cause for his termination. The Court agrees with the Magistrate Judge that the arbitrator confined his determination of just cause to issues involving Conroy's dishonesty. As such, the arbitrator did not exceed his authority under section 10.04(4) of the CBA.

Conroy also contends that the arbitrator's consideration of after-acquired evidence exceeded the scope of his authority under section 10.04(4) because, at the time of Conroy's termination, the IFO relied only on the backdated fax to MnSCU as its justification for his discharge. As noted above, however, the IFO stated in its termination letter that Conroy was being terminated for dishonesty, and the issue raised in the grievance was whether Conroy's dishonesty constituted just cause for his termination. The arbitrator determined that after-acquired evidence of dishonesty would have been discovered had the IFO conducted a full investigation of Conroy's dishonesty prior to

termination.³  The Court finds that the arbitrator's application of section 10.04(4) to include after-acquired evidence of Conroy's dishonesty is not completely irrational and does not show a manifest disregard for the law.

In light of the substantial deference afforded to arbitration awards, the Court concludes that the arbitrator did not exceed his authority in interpreting and applying the CBA to arrive at the arbitration award.  Conroy's motion to vacate the arbitration award is therefore denied.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 32] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 29].  Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion to Vacate Arbitration Award [Docket No. 7] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 5, 2007              s/ John R. Tunheim
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                       United States District Judge

---

³ Conroy also argues that the arbitrator improperly considered evidence related to Conroy's deteriorating work performance and his strained relationship with management.  However, this evidence was considered only in light of Conroy's argument that any remedy should take into account his many years of good service with IFO.  As such, the Court finds that the arbitrator's consideration of such evidence did not exceed his authority under the CBA.